## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ANDREA MIDDLETON, on behalf of herself and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DART CONTAINER CORPORATION and DART CONTAINER CORPORATION OF PENNSYLVANIA,**<br><br>**Defendants.** | **No. 1:25-307** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Dart Container Corporation and Dart Container Corporation of Pennsylvania hereby respond to the allegations contained in Plaintiff's Complaint in accordance with the numbered paragraphs thereof.

### I.      ALLEGED INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying their non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a collective action claim against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") and that she seeks certain damages.  It is specifically denied that Plaintiff has stated a claim for relief under the FLSA and/or that this case is appropriate for collective treatment.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations contained in this Paragraph are denied.**

2.    This is also a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA").

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a Federal Rule of Civil Procedure 23 class action claim against Defendants for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA").  It is specifically denied that Plaintiff has stated a claim for relief under the PMWA and/or that this case is appropriate for class treatment.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations contained in this Paragraph are denied.**

## II.    ALLEGED JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

4.    The Court has personal jurisdiction over Defendants as their headquarters and principal place of business are located in Michigan.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

5.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' principal place of business is in this District, Defendants conducts business throughout this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

### III.    ALLEGED PARTIES

6.    At all material times, Plaintiff is and was a citizen of the United States, and a resident of Lancaster County, Pennsylvania.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff represented herself as a citizen of the United States and represented herself as being a resident of Lancaster County, Pennsylvania, during her employment with Dart Container Corporation of Pennsylvania.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The remaining allegations of this Paragraph are denied.**

7.    At all material times, Defendant Dart Container Corporation is and was a corporation for profit with its headquarters and principal place of business located at: 500 Hogsback Road, Mason, Michigan 48854.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation is a for-profit corporation with its headquarters and principal place of business at the address listed in this Paragraph.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The remaining allegations of this Paragraph are denied.**

8.    Defendant Dart Container Corporation may be served with process by serving its registered agent: United Agent Group, Inc., 28175 Haggerty Road, Novi, Michigan 48377.

**RESPONSE:  Admitted.**

9.    At all material times, Defendant Dart Container Corporation of Pennsylvania is and was a domestic corporation for profit with its headquarters and principal place of business located at: 500 Hogsback Road, Mason, Michigan 48854.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation of Pennsylvania is a for-profit corporation with its headquarters and principal place of business at the address listed in this Paragraph.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The remaining allegations of this Paragraph are denied.**

10.    Defendant Dart Container Corporation of Pennsylvania may be served with process by serving its registered agent: United Agent Group, Inc., 28175 Haggerty Road, Novi, Michigan 48377.

**RESPONSE:  Admitted.**

11.    At all material times, Defendant Dart Container Corporation of Pennsylvania is and was a branch, wholly owned subsidiary, or otherwise related entity of Defendant Dart Container Corporation.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation and Dart Container Corporation of Pennsylvania are related entities with common ownership.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" and term "branch" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The remaining allegations of this Paragraph are denied.**

12.    In addition to Defendant Dart Container Corporation of Pennsylvania, Defendant Dart Container Corporation has several other branches, wholly owned subsidiaries, and/or related entities in the United States (hereinafter "Dart Container Entities"), including: Dart

Container Corporation of California; Dart Container Corporation of Florida; Dart Container Corporation of Georgia; Dart Container Corporation of Illinois; and Dart Container Corporation of Kentucky.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation of California, Dart Container Corporation of Florida, Dart Container Corporation of Georgia, Dart Container Corporation of Illinois, Dart Container Corporation of Kentucky, and Dart Container Corporation of Pennsylvania (collectively, the "Dart Container Entities") are related entities with common ownership.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" and term "branch" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The remaining allegations of this Paragraph are denied.**

13.     Plaintiff's written consent to this action is attached as Exhibit 1.

**RESPONSE:  Admitted upon information and belief.**

14.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**RESPONSE:  After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph.  To the extent a responsive pleading is required to this Paragraph, such allegations are denied.**

## IV.    <u>ALLEGED COVERAGE</u>

15.     At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and 43 P.S. § 333.103.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph**

unanswerable.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.

16.    At all material times, Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Defendants are also unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated employees" with the requisite specificity to permit a response.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

17.    At all material times, Defendants are and were employer within the meaning of 29 U.S.C. § 203(d) and 43 P.S. § 333.103.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

18.    At all material times, Defendants are an enterprise within the meaning of 29 U.S.C. § 203(r).

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and**

**unintelligible in the context of the Complaint, rendering the allegations of this Paragraph**

**unanswerable.  The allegations in this Paragraph also constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

19.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and have enjoyed yearly gross revenue in excess of $500,000.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Defendants'**

**annual gross revenue for 2024 exceeded $500,000.  By way of further response, Defendants**

**are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use**

**of the phrase "[a]t all material times" is vague and unintelligible in the context of the**

**Complaint, rendering the allegations of this Paragraph unanswerable.  The allegations in**

**this Paragraph also constitute conclusions of law to which no responsive pleading is**

**required.  To the extent a responsive pleading is required, such allegations are denied.  The**

**remaining allegations of this Paragraph are denied.**

20.     At all material times, Defendant Dart Container Corporation and the Dart Entities, including Defendant Dart Container Corporation of Pennsylvania, have operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), and are joint employers.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in**

**this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and**

**unintelligible in the context of the Complaint, rendering the allegations of this Paragraph**

**unanswerable.[1]  The allegations in this Paragraph also constitute conclusions of law to**

---

**[1] Defendants assume for the purposes of this Answer that when Plaintiff uses the term "Dart Entities" (a term not defined in the Complaint) she is actually referring to "Dart Container Entities" as defined in Paragraph 12 of the Complaint.**

7

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

21.     Defendant Dart Container Corporation and the Dart Entities, including Defendant Dart Container Corporation of Pennsylvania, perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

22.     Defendant Dart Container Corporation and each of the Dart Entities operate with a high degree of interrelated and unified operations, sharing the same operating name, the same headquarters, the same directors and officers, and common employment policies.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

23.     Upon information and belief, each of the Dart Entities are controlled by the same Dart Container Corporation leadership team and share common personnel and labor policies emanating from a common or centralized source.

**RESPONSE:  Denied.  Defendants are unable to admit or deny what Plaintiff**

**"believes."  The allegations in this Paragraph also constitute conclusions of law to which no**

**responsive pleading is required.  To the extent a responsive pleading is required, such**

**allegations are denied.**

24.     Defendant Dart Container Corporation and the Dart Entities (together "the Dart Enterprise"), represent themselves to the public as one company, "Dart" or "Dart Container Corporation", with a corporate headquarters in Mason, Michigan and manufacturing plants across the country. The Dart Container Corporation website states: "we have manufacturing and distribution centers in 15 states", and lists each Dart Enterprise manufacturing plant, including the plant located in Leola, Pennsylvania, where Plaintiff worked. (*See* https://www.dartcontainer.com/why-dart/about/plant-locations).  Below is a screenshot of the "Dart Corporate Offices and Plant Locations" page of Dart's website (taken on March 18, 2025):



# US CORPORATE OFFICES

## Mason, Michigan

Mason is the location of our Corporate Headquarters where it all began in 1960. Located 15 miles south of Lansing, the Mason campus consists of offices, manufacturing facilities and a distribution warehouse.

## Fort Lauderdale, Florida

Fort Lauderdale is the location of our global sales headquarters, Dart Container Sales Company (DCSC). DCSC office personnel include sales support, sales training and market research. All of our Outside Sales Representatives and Managers work out of a home office.

# US PLANT LOCATIONS

We have manufacturing and distribution centers in 15 states. If you are interested in a manufacturing, engineering or administrative position in one of these locations, explore our **open positions** or fill out a profile to be notified when a position becomes available in your area.

- Corona, CA
- Lodi, CA
- Chino, CA
- New Castle, DE
- Plant City, FL
- Conyers, GA
- Lithonia, GA
- Thomaston, GA
- Social Circle, GA
- Twin Falls, ID
- Chicago, IL
- Country Club Hills, IL
- North Aurora, IL
- Horse Cave, KY
- Owensboro, KY
- Federalsburg, MD
- Mason, MI
- Quitman, MS
- Randleman, NC
- Ada, OK
- Lancaster, PA
- Leola, PA
- Dallas, TX
- Grand Prairie, TX
- Waxahachie, TX
- Lacey, WA

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation is headquartered in Mason, Michigan.  It is also admitted that Dart Container Corporation's website states:  "we have manufacturing and distribution centers in 15 states," and lists all manufacturing and distribution locations operated by the Dart**

9

**Container Entities.  It is further admitted that the screenshot of Dart Container**

**Corporation's website appears to be true and correct.  By way of further response,**

**Defendants are unable to admit or deny the allegations contained in this Paragraph, as**

**Plaintiff's use of the phrase "represent themselves to the public as one company, 'Dart' or**

**'Dart Container Corporation','' is vague and unintelligible in the context of the Complaint,**

**rendering the allegations of this Paragraph unanswerable.  To the extent a responsive**

**pleading is required, such allegations are denied.  The remaining allegations of this**

**Paragraph are denied.**

25.    The Dart Enterprise advertises open manufacturing positions at all Dart plant locations on the same website (https://jobs.dart.biz/search). For example, the following screenshots are job postings for the titles "operator"  and "inspector packer" (taken on March 19, 2025):





**RESPONSE:  Denied in part; denied as stated in part.  The Dart Container Entities advertise open positions at https://jobs.dart.biz/search.  Furthermore, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph.  To the extent a responsive pleading is required to this Paragraph, such allegations are denied.**

26.    The website states that "Dart is an affirmative action employer" and refers individuals to "OUR HR DEPARTMENT" and "Our HRConnect team". (*See* https://www.dartcontainer.com/why-dart/about/plant-locations). Similarly, the "Equal Employment Opportunity & Affirmative Action" page" of the Dart Container Corporation website states: "Dart is committed to maintaining a work environment that is free from any and all forms of unlawful discrimination and harassment", and refers questions concerning its employment policies to "Dart's Fair Employment Practices group." (*See* https://www.dartcontainer.com/legal/eeoaa). Below is a screen shot of the "Equal Employment

Opportunity & Affirmative Action" page of the Dart Container Corporation website (taken on March 19, 2025).

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation's website (https://www.dartcontainer.com/legal/eeoaa) states: "Dart is committed to maintaining a work environment that is free from any and all forms of unlawful discrimination and harassment", and refers questions concerning its employment policies to "Dart's Fair Employment Practices group."  The remaining allegations of this Paragraph are denied.**

27.     Each of the Dart Enterprise plants are operated in the same or substantially similar fashion, and upon information and belief, the Dart Entities all share the same labor and employment policies, procedures, and practices, including those complained of herein.

**RESPONSE:  Defendants are unable to admit or deny what Plaintiff "believes." The allegations in this Paragraph are vague as Plaintiff references the operations of approximately 26 different facilities and attempts to characterize their operations without specific reference to specific facilities and specific operations.  The allegations of this Paragraph also constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.**

28.     Upon information and belief, Defendant Dart Container Corporation has control over the employment, pay, and benefits of all manufacturing employees, regardless of the Dart Entities that appear on their W-2s.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "control over" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable. Defendants are also unable to admit or deny what Plaintiff "believes."  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

13

29.    Defendant Dart Container Corporation is and was an employer of employees of each of the Dart Entities and is liable for wage violations to which they were subjected.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

## V.    ALLEGED FACTUAL ALLEGATIONS

30.    Defendant Dart Container Corporation operates approximately 26 manufacturing plants across the United States.

**RESPONSE:  Denied as stated.  By way of further response, the Dart Container Entities operate 26 manufacturing and distribution locations in the United States.**

31.    At each of its manufacturing plants, Defendant Dart Container Corporation with and/or through the Dart Entities, manufactures disposable food containers.

**RESPONSE:  Denied in part; denied as stated in part.  The manufacturing facilities operated by the Dart Container Entities develop, manufacture, and distribute food service packaging solutions.  It is specifically denied that "manufactur[ing] disposable food containers" accurately or exhaustively lists the Dart Container Entities' business(es).  The remaining allegations of this Paragraph are denied.**

32.    At each of its manufacturing plants, Defendant Dart Container Corporation and the Dart Entities employ/jointly employ manufacturing employees, including: operators, material handlers, inspector-packers, and warehouse associates (hereinafter "manufacturing employees").

**RESPONSE:  Denied in part; denied as stated in part.  Each Dart Container Entity employs the manufacturing employees who work at the manufacturing and distribution facilities operated by that Dart Container Entity.  By way of further response, the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied. The remaining allegations of this Paragraph are denied.**

14

33.     From approximately June 2024 through January 23, 2025, Plaintiff was employed by Defendants as a manufacturing employee at the Dart manufacturing plant located in Leola, Pennsylvania. Specifically, Plaintiff worked as a machine operator.

**RESPONSE:  Denied in part; denied as stated in part.  It is specifically denied that Dart Container Corporation employed Plaintiff.  By way of further response, Dart Container Corporation of Pennsylvania employed Plaintiff at its Leola, Pennsylvania location from on or about June 24, 2024, to January 23, 2025, as a Machine Operator I. The remaining allegations of this Paragraph are denied.**

34.     At all material times, Defendant Dart Container Corporation and the Dart Entities employed similarly situated manufacturing employees at each of the Dart manufacturing plants, including: operators, material handlers, inspector packers, and warehouse associates (hereinafter "manufacturing employees").

**RESPONSE:  Denied.  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "[a]t all material times" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response,** *see* **Responses to Paragraph 32,** *supra.*

35.     Plaintiff and other similarly situated manufacturing employees had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

36.     Plaintiff and other similarly situated manufacturing employees of Defendant Dart Container Corporation and the Dart Entities were classified as non-exempt.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff was classified as not exempt from federal and state overtime laws while employed by Dart Container Corporation of Pennsylvania.  By way of further response, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

37.     Plaintiff and other similarly situated manufacturing employees of Defendant Dart Container Corporation and the Dart Entities were paid an hour wage.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "hour wage" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

38.     Plaintiff and other similarly situated manufacturing employees were regularly scheduled to work 40 or more hours per week, but regularly worked more than 40 hours per week.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "regularly scheduled to work 40 or more hours per week, but regularly worked more than 40 hours per week" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Defendants are also unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the workweeks during which Plaintiff and "other similarly situated manufacturing employees" claim that they "were regularly scheduled to work 40 or more hours" and "regularly worked more than 40 hours."**

16

**Moreover, the allegations in this Paragraph that other employees are "similarly situated"**

**constitute conclusions of law to which no responsive pleading is required.  To the extent a**

**responsive pleading is required, such allegations are denied.  By way of further response, it**

**is specifically denied that Plaintiff "regularly worked more than 40 hours per week" while**

**employed by Dart Container Corporation of Pennsylvania.  The remaining allegations of**

**this Paragraph are denied.**

### A.    Alleged Failure to Pay for All Hours Worked

39.    Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for work performed before and after their scheduled start and stop times, including: (a) changing into and out of personal protective equipment, including a reflective vest or uniform, gloves, a hardhat, boots, and safety glasses; and (b) walking to and from their assigned area of the manufacturing floor.

**RESPONSE:  Denied.  By way of further response, the allegations in this Paragraph**

**that other employees are "similarly situated" constitute conclusions of law to which no**

**responsive pleading is required.  To the extent a responsive pleading is required, such**

**allegations are denied.**

40.    The pre-shift work—i.e., changing into personal protective equipment, and walking to the assigned area of the manufacturing floor—took upwards of approximately 10 minutes or more, and thus, in order to start their work on time, Plaintiff and other similarly situated manufacturing employees had to arrive at least 10 minutes early to start this pre-shift work.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart**

**Container Corporation of Pennsylvania's records indicate that, at times, Plaintiff arrived**

**at work prior to the start of her scheduled shift.  It is specifically denied that Plaintiff was**

**not paid for that time.  By way of further response, Defendants are unable to admit or deny**

**the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly**

**situated manufacturing employees" with the requisite specificity to permit a response.**

17

**Moreover, the allegations in this Paragraph that other employees are "similarly situated"**

**constitute conclusions of law to which no responsive pleading is required. To the extent a**

**responsive pleading is required, such allegations are denied. The remaining allegations of**

**this Paragraph are denied.**

41. The post-shift work—i.e., walking from the manufacturing floor and changing out of personal protective equipment—also took upwards of approximately 10 minutes or more.

**RESPONSE: To the extent that this allegation refers to Plaintiff's time in the Leola**

**facility after the conclusion of her regularly scheduled shift, such allegations are denied.**

42. In addition, Plaintiff and other similarly situated manufacturing employees were frequently required to start performing their manufacturing work before their shift start times and required to continue performing their manufacturing work on the manufacturing floor after their shift end times to complete tasks that were not finished at the end of their shifts.

**RESPONSE: Admitted in part; denied in part. It is admitted only that Dart**

**Container Corporation of Pennsylvania's records indicate that, at times, Plaintiff began**

**work prior to the start of her scheduled shift and continued to work following the end of**

**her scheduled shift. It is specifically denied that Plaintiff was not paid for that time. By**

**way of further response, Defendants are unable to admit or deny the allegations contained**

**in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing**

**employees" with the requisite specificity to permit a response. Defendants are also unable**

**to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the**

**days on which Plaintiff and "other similarly situated manufacturing employees" were**

**"required to start performing their manufacturing work before their shift start times and**

**required to continue performing their manufacturing work on the manufacturing floor**

**after their shift end times." Moreover, the allegations in this Paragraph that other**

**employees are "similarly situated" constitute conclusions of law to which no responsive**

**pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

43.    Defendants knew that Plaintiff and other similarly situated manufacturing employees performed this pre-shift and post-shift work because they required them to perform it and supervisors observed them performing it.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" and "supervisors" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph, specifically as they relate to Plaintiff, are denied.**

**B.    Alleged Failure to Pay for Donning Time**

44.    Before Plaintiff and other similarly situated manufacturing employees began their shifts, they donned personal protective equipment, including a reflective vest/uniform, gloves, a hard hat, boots, and safety glasses.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff was required to wear designated personal protective equipment ("PPE") while working in designated areas or performing designated tasks at Dart Container Corporation's Leola facility.  It is specifically denied that the PPE listed in this Paragraph accurately lists the PPE Plaintiff was required to wear while working in designated areas or performing designated tasks at Dart Container Corporation's Leola facility.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law**

19

to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.

45.      Wearing personal protective equipment was necessary because Plaintiff and other similarly situated manufacturing employees could not safely perform their work without it.  It protected Plaintiff and other similarly situated manufacturing employees from various injuries, including head, hand, foot, eye, ear, and other bodily injuries.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that, at times, Dart Container Corporation of Pennsylvania required some of its employees, including Plaintiff, to wear designated PPE while working in designated areas or performing designated tasks at Dart Container Corporation's Leola facility for safety reasons.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

46.      Additionally, Defendants required Plaintiff and other similarly situated manufacturing employees to put the personal protective equipment on and take it off at work so that it was maintained in a sanitary and reliable condition.  Defendants did not want Plaintiff and other similarly situated manufacturing employees to take their personal protective equipment home.

**RESPONSE:  Denied.  It is specifically denied that Defendants required their employees to put on or take off all of the designated PPE at work or prohibited employees from removing designated PPE from the workplace.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as**

20

**Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph, particularly as they relate to Plaintiff, are denied.**

47.    The time Plaintiff and other similarly situated manufacturing employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants and the Occupational Safety and Health Administration ("OSHA") and was performed for Defendants' benefit in that it helped keep the plant floors safe and helped promote a more safe and efficient manufacturing process.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

48.    Donning personal protective equipment is an intrinsic element of the manufacturing process of industrial and paper packing products and materials. Plaintiff and other similarly situated manufacturing employees cannot dispense with donning personal protective equipment if they are to perform their manufacturing work.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

49.    Plaintiff and other similarly situated manufacturing employees were not paid for time spent donning their personal protective equipment.

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the**

21

extent a responsive pleading is required, such allegations are denied.  By way of further

response, Plaintiff was paid for all time spent performing work on behalf of Dart Container

Corporation of Pennsylvania.  The remaining allegations of this Paragraph are denied.

### C.    Alleged Failure to Pay for Post-donning Walk Time

50.    After donning their personal protective equipment, Plaintiff and other similarly situated manufacturing employees walked from the area where they changed into their personal protective equipment to their assigned area of the manufacturing floor.  Such time constitutes "post-donning walk time."

**RESPONSE:  Denied in part; denied as stated in part.  Defendants are unable to**

**admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the**

**"other similarly situated manufacturing employees" with the requisite specificity to permit**

**a response.  Moreover, the allegations in this Paragraph that other employees are**

**"similarly situated" constitute conclusions of law to which no responsive pleading is**

**required.  To the extent a responsive pleading is required, such allegations are denied.  By**

**way of further response, Plaintiff walked to her assigned work area after clocking in for**

**her shift.  The remaining allegations of this Paragraph are denied.**

51.    Plaintiff and other similarly situated manufacturing employees were not paid for their post-donning walk time.

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit**

**or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other**

**similarly situated manufacturing employees" with the requisite specificity to permit a**

**response.  Moreover, the allegations in this Paragraph that other employees are "similarly**

**situated" constitute conclusions of law to which no responsive pleading is required.  To the**

**extent a responsive pleading is required, such allegations are denied.  By way of further**

**response, Plaintiff was paid for all time spent performing work on behalf of Dart Container**

**Corporation of Pennsylvania.  The remaining allegations of this Paragraph are denied.**

**D.**    <u>Alleged Failure to Pay for Performing Manufacturing Work</u>

52.    Plaintiff and other similarly situated manufacturing employees frequently started performing their manufacturing work before their shift start times and were often required to work past the end of their shift times to complete manufacturing tasks that were not finished at the end of their scheduled shift stop time.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation of Pennsylvania's records indicate that, at times, Plaintiff began work prior to the start of her scheduled shift and continued to work following the end of her scheduled shift.  It is specifically denied that Plaintiff was not paid for that time.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Defendants are also unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the days on which Plaintiff and "other similarly situated manufacturing employees" "started performing their manufacturing work before their shift start times and were . . . required to work past the end of their shift."  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

53.    The time Plaintiff and other similarly situated manufacturing employees spent performing their manufacturing work was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

23

54.     Plaintiff and other similarly situated manufacturing employees were not paid for the time spent performing their manufacturing work before their shift start time after their shift stop time.

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, Plaintiff was paid for all time spent performing work on behalf of Dart Container Corporation of Pennsylvania.  The remaining allegations of this Paragraph are denied.**

### E.     Alleged Failure to Pay for Pre-doffing Walk Time

55.     After their shifts ended, Plaintiff and other similarly situated manufacturing employees walked from the manufacturing floor to the area in which they changed out of their personal protective equipment.  Such time constitutes "pre-doffing walk time."

**RESPONSE:  Denied in part; denied as stated in part.  Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, when Plaintiff finished working, Plaintiff walked from her assigned work area to the time clock to clock out for her shift, which was located outside the designated areas where PPE is required and away from any manufacturing activities. The remaining allegations of this Paragraph are denied.**

24

56.     Plaintiff and other similarly situated manufacturing employees were not paid for their pre-doffing walk time.

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, Plaintiff was paid for all time spent performing work on behalf of Dart Container Corporation of Pennsylvania.  The remaining allegations of this Paragraph are denied.**

F.      **Alleged Failure to Pay for Doffing Time**

57.     After their shifts ended, Plaintiff and other similarly situated manufacturing employees doffed their personal protective equipment.

**RESPONSE:  Admitted in part; denied in part.  Upon information and belief, Defendants admit only that after she finished working and left the designated areas where PPE is required, Plaintiff had the opportunity to remove some or all of her PPE.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

58.     The time Plaintiff and other similarly situated manufacturing employees spent doffing their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants and OSHA, and was performed for Defendants'

25

benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

59.      Doffing personal protective equipment is an intrinsic element of Plaintiff and other similarly situated manufacturing employees' job duties. Plaintiff and other similarly situated manufacturing employees cannot dispense doffing their personal protective equipment if they are to perform their manufacturing work.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

60.      Plaintiff and other similarly situated manufacturing employees were not paid for time spent doffing their personal protective equipment.

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, Plaintiff was paid for all time spent performing work on behalf of Dart Container Corporation of Pennsylvania.  The remaining allegations of this Paragraph are denied.**

G.      **Alleged Failure to Pay Overtime Compensation**

61.      As a result of Plaintiff and other similarly situated manufacturing employees not being paid for all hours worked, Plaintiff and other similarly situated manufacturing employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

26

**RESPONSE:  Denied.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" with the requisite specificity to permit a response.  Defendants are also unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the workweeks during which Plaintiff and "other similarly situated manufacturing employees" claim to have "worked over 40 [hours]."  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

62.    The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above was in addition to the 40 or more hours they regularly worked between their scheduled start and stop times each workweek, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate of pay.

**RESPONSE:  Denied.  It is specifically denied that Defendants do not and did not compensate their employees for all hours worked.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated employees" with the requisite specificity to permit a response.  Defendants are also unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the workweeks during which Plaintiff and "other similarly situated employees" claim to have worked more than 40 hours.  Moreover, the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

27

H.    **Defendants Allegedly Willfully Violated the FLSA**

63.    Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

64.    Defendants knew and otherwise showed reckless disregard as to whether their conduct was prohibited by the FLSA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

65.    Defendants had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform the unpaid work referenced above and not compensating them for time spent performing such work.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

66.    Defendants knew that Plaintiff and other similarly situated employees were performing the unpaid work because Defendants required them to perform it and supervisors observed them performing it.

**RESPONSE:  Denied.  It is specifically denied that Defendants do not compensate their employees for all hours worked.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" and "supervisors" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive**

28

**pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

67.     Defendants, who determined the work schedules of Plaintiff and other similarly situated employees, also knew that the time Plaintiff and other similarly situated employees spent performing such unpaid work was in addition to the 40 hours or more that Defendants scheduled them to work, and thus, knew that Plaintiff and other similarly situated employees should have been paid overtime compensation for such unpaid work.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Dart Container Corporation of Pennsylvania determines the work schedules for its employees, including Plaintiff.  It is also admitted that Defendants know that non-exempt employees are entitled to be paid overtime compensation for all hours worked over 40 in a workweek.  It is specifically denied that Defendants do not compensate their employees for all hours worked, including overtime compensation.  By way of further response, Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "other similarly situated manufacturing employees" and "supervisors" with the requisite specificity to permit a response.  Moreover, the allegations in this Paragraph that other employees are "similarly situated" constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations of this Paragraph are denied.**

68.     Defendants knew and otherwise showed reckless disregard as to whether their conduct in failing to properly pay Plaintiff and other similarly situated employees for the unpaid work referenced above violated the FLSA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

69.     Defendants knew or should have known that their policies and practices violate the law, and Defendants did not make and have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law has

29

carried out their unlawful pattern, practice, and policy of not paying Plaintiff other similarly situated manufacturing employees for all hours worked.  Defendants' method of paying Plaintiff and other similarly situated employees was not based on a good faith and reasonable belief that their conduct complied with the law.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

70.     Upon information and belief, Defendants failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiffs and other similarly situated manufacturing employees.

**RESPONSE:  Denied.  It is specifically denied that Plaintiff performed any "unpaid work."  By way of further response, Defendants are unable to admit or deny what Plaintiff "believes."  Further, inasmuch as Defendants paid employees for all work performed, there are no "records of all of the unpaid work performed . . ."**

## VI.    ALLEGED COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a collective action claim against Defendants for alleged violations of the FLSA and that she seeks certain damages.  It is specifically denied that Plaintiff has stated a claim for relief under the FLSA and/or that this case is appropriate for collective treatment.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations contained in this Paragraph are denied.**

72.     The collective class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

30

> All current and former fulltime non-exempt manufacturing employees who worked at one or more Dart Container Corporation manufacturing plants in the United States at any time during the three-year period prior to the filing of this action to the present. ("FLSA Class")

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a collective action claim against Defendants.  It is specifically denied that this case is appropriate for class treatment.  The remaining allegations contained in this Paragraph are denied.**

73.    Plaintiff is unable, at this time, to state the exact size of the FLSA Class, but upon information and belief, it consists of more than 1,000 individuals.

**RESPONSE:  This Paragraph does not contain factual allegations to which a responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, Plaintiff's estimation of the putative collective size is vague and ambiguous.  Accordingly, Defendants are unable to respond to the same.**

74.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.  In addition to Plaintiff, numerous current and former manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

75.    The similarly situated manufacturing employees are known to Defendants and are readily identifiable through their payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

31

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "similarly situated manufacturing employees" with the requisite specificity to permit a response.  Defendants are also unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "readily identifiable through their payroll records" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Furthermore, the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

76.     Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

**RESPONSE:  Defendants are unable to admit or deny the allegations contained in this Paragraph as Plaintiff fails to identify the "similarly situated employees" with the requisite specificity to permit a response.  Defendants are also unable to admit or deny the allegations contained in this Paragraph, as Plaintiff's use of the phrase "using a simple formula" is vague and unintelligible in the context of the Complaint, rendering the allegations of this Paragraph unanswerable.  Furthermore, the allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

## VII.   ALLEGED PENNSYLVANIA CLASS ACTION ALLEGATIONS

77.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Pennsylvania Class") defined as:

> All current and former non-exempt manufacturing employees, who
> worked at one or more Dart Container Corporation manufacturing plants

32

in Pennsylvania at any time at any time during the three-year period prior
to the filing of this action to the present.

**RESPONSE:  Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a Federal Rule of Civil Procedure 23 class action claim against Defendants for alleged violations of the PMWA.  It is specifically denied that Plaintiff has stated a claim for relief under the PMWA and/or that this case is appropriate for class treatment.  The allegations in this Paragraph also constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  The remaining allegations contained in this Paragraph are denied.**

78.    The Pennsylvania Class is so numerous that joinder of all class members is impracticable.  Upon information and belief, the Pennsylvania Class consists of more than 500 individuals.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.  By way of further response, Plaintiff's estimation of the putative class size is vague and ambiguous.  Accordingly, Defendants are unable to respond to the same.**

79.    There are questions of law or fact common to the Pennsylvania Class, including but not limited to the following: (a) whether Defendants failed to pay overtime compensation to its non-exempt manufacturing employees for hours worked in excess of 40 each workweek; and (b) what amount of monetary relief will compensate Plaintiff and other members of the Pennsylvania Class for Defendants' violations of the PMWA, 43 P.S. § 333.101, *et seq.*

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

80.    The claims of Plaintiff are typical of the claims of other members of the Pennsylvania Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of the other Pennsylvania Class members.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

81.     Named Plaintiff Andrea Middleton will fairly and adequately protect the interests of the Pennsylvania Class.  Her interests are not antagonistic to, but rather are in unison with, the interests of the other Pennsylvania Class members.  Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Pennsylvania Class in this case.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

82.     The questions of law or fact that are common to the Pennsylvania Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the Pennsylvania Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

83.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Pennsylvania Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Pennsylvania Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

34

## COUNT ONE
## Alleged Violations of Fair Labor Standards Act

84.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**RESPONSE:  Defendants incorporate their responses to the preceding Paragraphs**

**as fully set forth above.**

85.    Defendants' practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

86.    Defendants intentionally failed to pay Plaintiff and other similarly situated employees' required overtime compensation for hours worked in excess of 40 per workweek.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

87.    Defendants' conduct in failing to pay Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to**

**which no responsive pleading is required.  To the extent a responsive pleading is required,**

**such allegations are denied.**

88.    Defendants' actions and/or omissions were not in good faith.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

89.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

90.     As a result of Defendants' practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

## COUNT TWO
### Alleged Violations of Pennsylvania Minimum Wage Act

91.     Plaintiff, on behalf of herself and the Pennsylvania Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

**RESPONSE:  Defendants incorporate their responses to the preceding Paragraphs as fully set forth above.**

92.     Defendants' practices and policies of not paying Plaintiff and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the PMWA, 43 P.S. § 333.101, *et seq.*

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

36

93.     Defendants intentionally failed to pay Plaintiff and other similarly situated employees' required overtime compensation for hours worked in excess of 40 per workweek.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

94.     Defendants' conduct in failing to pay Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

95.     Defendants' actions and/or omissions were not in good faith.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

96.     By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the PMWA, 43 P.S. § 333.101, *et seq.*

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

97.     As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the PMWA.

**RESPONSE:  The allegations in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, such allegations are denied.**

## VIII.    PLAINTIFF'S PRAYER FOR RELIEF

98.    WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

(a)    Issue an order permitting this litigation to proceed as a collective action pursuant to the FLSA;

(b)    Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

(c)    Issue an order certifying the Pennsylvania Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

(d)    Award Plaintiff and the classes she represents actual damages for unpaid wages;

(e)    Award Plaintiff and the classes she represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the classes under the FLSA and the PMWA;

(f)    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

(g)    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

(h)    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

**RESPONSE:  The allegations contained in this Paragraph constitute a request for damages to which no responsive pleading is required.  It is specifically denied that any action or inaction of Defendants (or any of their employees) entitles Plaintiff, or any group or groups of individuals whom she purports to represent, the existence of which is expressly denied, to the relief requested.**

## IX.    PLAINTIFF'S JURY DEMAND

99.    Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

**RESPONSE:  The allegations in this Paragraph do not allege facts to which a responsive pleading is required.  To the extent a responsive pleading is required, the allegations are denied.**

**Defendants deny each and every allegation in the Complaint not expressly admitted herein.**

## X.     DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Complaint, Defendants respectfully request that:

(a)     Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)     Each and every prayer for relief in the Complaint be denied;

(c)     Judgment be entered in favor of Defendants;

(d)     All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

(e)     Defendants be granted such other relief as this Court may deem just and proper.

## XI.    AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff and any putative collective and/or class action members are barred, in whole or in part, by all applicable statutes of limitation, including, but not limited to,

39

the 2- and 3-year limitations periods contained in the FLSA or PMWA, laches, and/or any other applicable limitations period.

**THIRD AFFIRMATIVE DEFENSE**

At all material times, Plaintiffs and any putative collective and/or class action members were exempt from the overtime requirements of the FLSA and the PMWA, including, but not limited to, the professional, executive, and/or administrative exemptions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins or putative class members, because Plaintiff's claim(s) are not typical of those purportedly advanced by other putative collective and/or class action members.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring claims on behalf of, and may not represent, putative collective and/or class action members, in whole or in part, with respect to the asserted collective and class action claims.

**SIXTH AFFIRMATIVE DEFENSE**

Certain opt-in plaintiffs and/or putative class members are not entitled to relief to the extent that they do not fall within the putative collective and/or class action definitions.

**SEVENTH AFFIRMATIVE DEFENSE**

The group of persons whom Plaintiff purports to represent is not sufficiently large that it would be impracticable or impossible to join additional plaintiffs or for additional plaintiffs to pursue separate actions.

40

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective and/or class action members have sustained no damages or, if any, *de minimis* damages, which are not actionable under the FLSA, the PMWA, and/or any statute or law.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any putative collective and/or class action members for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## TENTH AFFIRMATIVE DEFENSE

If any alleged failure to pay the overtime wages of Plaintiff and any putative collective and/or class action members was unlawful, none of Defendants' alleged actions or omissions constitute a willful violation of the FLSA, the PMWA, or any other statute or law.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or any putative collective and/or class action members are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the FLSA and/or the PMWA.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any putative collective and/or class action member has signed a release and/or waiver encompassing claims alleged in the Complaint, their claims are barred by that release and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

The conduct of Plaintiff or any putative collective and/or class action member contributed to and/or caused any harm that they allegedly suffered.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective and/or class action members may not maintain the action as described in the Complaint as a collective or class action because the Complaint fails to state facts sufficient to establish an ascertainable class.

### FIFTEENTH AFFIRMATIVE DEFENSE

A collective and/or class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to any other putative collective and/or class action members and, therefore, is an inadequate collective and/or class representative.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support an assertion that any putative collective action members are subject to a common practice, policy, or plan of Defendants that violates the FLSA.  Accordingly, conditional certification of the putative collective action is inappropriate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective and/or class action members do not share a sufficient commonality of issues, either legal or factual, to warrant certification of a class and/or collective action.  The alleged collective and/or class is not so numerous that joinder of all members is impracticable.  Common issues of law and fact, if any, do not predominate over individual issues.  Accordingly, the types of claims alleged by Plaintiff on behalf of themselves and the group of persons whom he purports to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective and/or class treatment.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and any putative collective and/or class action members failed to mitigate their damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective and/or class action members have received payment in full for any wages due and owing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for liquidated damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the groups of persons Plaintiff purports to represent would create a risk of adjudications with respect to proposed collective action members which would as a practical matter be dispositive of the interests of the other proposed collective action members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The certification and trial of this case as a collective action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution, as well as the Pennsylvania and Michigan Constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the groups she purports to represent may not recover liquidated damages and/or prejudgment interest because such relief would amount to a "double recovery."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor members of the alleged group(s) which she purports to represent may recover liquidated damages, because neither Defendants nor any of their officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any putative collective action members are barred, in whole or in part, by the 2-year statute of limitation contained in the FLSA because Plaintiff and any putative collective action members cannot demonstrate that Defendants' conduct was willful, such that they knew or showed reckless disregard that any of its alleged conduct violated the FLSA.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Claims made on behalf of Plaintiff and/or any putative collective and/or class action members are or may be barred, in whole or in part, by estoppel, waiver, consent, and/or unclean hands.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Payments to Plaintiff and any putative collective and/or class action members were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or the Pennsylvania Department of Labor and Industry.

Defendants reserve the right to assert additional defenses as they may become known through the course of discovery.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff and request that they be awarded costs and attorneys' fees incurred in the defense of this action.

Respectfully submitted,

**PIERSON FERDINAND LLP**

Dated:  July 17, 2025                By:    */s/ David E. Renner*
Sidney R. Steinberg
sidney.steinberg@pierferd.com
40 E. Montgomery Ave.
Ardmore, PA 19003
610-806-5060

David E. Renner
david.renner@pierferd.com
5990 University Boulevard, Suite 12 #148
Moon Township, PA 15108
412-746-1720

*Counsel to Defendants*

45